IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BRENDA LARKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:07-CV-607 |
| v. | § | |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL | § | JUDGE RON CLARK |
| BRANCH AT GALVESTON, | §§ | |
| Defendant. | § | |

## ORDER

Before the court is Defendant University of Texas Medical Branch at Galveston ("UTMBG")'s Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) **[Doc. # 5]**.  Defendant argues: (1) that the Eleventh Amendment bars Plaintiff Brenda Larkins' claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. and (2) Plaintiff cannot recover punitive damages against Defendant under 42 U.S.C. § 1981(a)(1).  Plaintiff does not oppose this motion.[1]

### I. Background

Plaintiff Brenda Larkins was employed as a registered nurse by University of Texas Medical Branch Correctional Managed Care and assigned to the Plane State Jail in Dayton, Texas.  She alleges that during her employment, she was subjected to racial and age discrimination.  Plaintiff filed a Notice of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in July 2006.  She was subsequently terminated by her

---

[1] In her response, Plaintiff states that she "agree[s] that the court should grant [D]efendant's motion."  *See* Doc. # 6, at ¶ 4.

employer; Plaintiff alleges that this termination was in retaliation for filing a complaint with the EEOC, and subsequently amended her Notice of Discrimination to add retaliation charges. The Right to Sue letter from the EEOC was mailed to Plaintiff on June 8, 2007.

On September 5, 2007, Plaintiff timely filed suit against UTMB Healthcare Systems, Inc., d/b/a UTMB Correctional Managed Care, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the ADEA **[Doc. # 1]**. She amended her complaint on September 12 to reflect the correct Defendant, UTMBG **[Doc. # 3]**.[2] Defendant UTMBG filed this Motion to Dismiss on November 12, 2007 **[Doc. # 5]**.

## II. Standard of Review

A. 12(b)(1) Motion to Dismiss For Lack of Subject Matter Jurisdiction

Fed. R. Civ. P. 12(b)(1) provides that a party may move a court to dismiss an action for "lack of jurisdiction over the subject matter," thus authorizing the dismissal of a case for lack of subject matter jurisdiction when the district court lacks the statutory and constitutional power to adjudicate the case. See *Home Builders Ass'n of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *See id.* A district court may dismiss a case for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir.1986) (citing *Williamson v. Tucker,* 645 F.2d 404,

---

[2]The court granted Plaintiff's Motion to Dismiss her claims against the original Defendant, UTMB Healthcare Systems, Inc., d/b/a UTMB Correctional Managed Care and her Motion to Amend the Caption to reflect the correct Defendant, UTMBG **[Doc. # 9]**.

413 (5th Cir.1981)). After the defendant challenges jurisdiction by filing a motion to dismiss under Rule 12(b)(1), the plaintiff has the burden of establishing the existence of subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980). A motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Home Builders Ass'n of Mississippi, Inc.,* 143 F.3d at 1010.

B. 12(b)(6) Motion to Dismiss For Failure to State a Claim

      Fed. R. Civ. P. 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." On motion under Fed. R. Civ. P. 12(b)(6), the court must decide whether the facts alleged, if true, would entitle the plaintiff to some legal remedy. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). Unless a Fed. R. Civ. P. 12(b)(6) motion is converted to a summary judgment motion, the court may not consider material outside the complaint. *See Powe v. Chicago,* 664 F.2d 639, 642 (7th Cir.1981). The court must accept as true all well pleaded facts and review them in the light most favorable to the plaintiff. *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir.1995). A pleading "need not specify in exact detail every possible theory of recovery--it must only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Thrift v. Estate of Hubbard,* 44 F.3d 348, 356 (5th Cir.1995) (internal quotation omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46, 78 S. Ct. at 102.

### III. Analysis

A.  Eleventh Amendment

Defendant first argues that the Eleventh Amendment bars Plaintiff's claims under the ADEA.  The Eleventh Amendment bars claims for damages brought by a citizen against a state in federal court.  U.S. CONST., amend. XI; *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 962 (2001). Two exceptions to this general rule are that an action may be brought either where the state has waived its sovereign immunity or where Congress has expressly abrogated the state's immunity, pursuant to another Constitutional provision. *Id.; see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-40, 105 S. Ct. 2142, 3144-46 (1985).

The protection of the Eleventh Amendment will extend to state agencies; whether an entity is an arm of the state for purposes of sovereign immunity depends, "at least in part, upon the nature of the entity created by state law."  *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 280, 97 S. Ct. 568, 572 (1977).  UTMBG is a part of the University of Texas system.  TEX. EDUC. CODE ANN. §§ 65.029(a)(8), 74.001; *see also Gresham v. University of Texas Medical Branch*, 2005 Tex. App. LEXIS 931 at *3-4 (Feb. 3, 2005).  State universities are considered arms of the state, entitled to sovereign immunity.  *See, e.g., Cent. Virginia Cmty. Coll. v. Katz*, 546 U.S. 356, 360, 126 S. Ct. 990, 994 (2006)(where the community college petitioner was a "Virginia institution[] of higher education that [is] considered [an] 'arm[] of the State' entitled to sovereign immunity.").

The ADEA makes it unlawful for any employer, including a state, to fail to hire, refuse to hire, or discharge an employee or otherwise discriminate against him or her based on that individual's age. 29 U.S.C. § 621 *et seq*.  The Supreme Court has clearly stated that Congress

did not abrogate the states' sovereign immunity by enacting the ADEA. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 82, 120 S. Ct. 631, 645 (2000); *see also Yowman v. Jefferson County Cmty. Supervision & Corr. Dept.*, 370 F. Supp. 2d 568, 588 (E.D. Tex. 2005); *Lowery v. Univ. of Houston-Clear Lake*, 82 F. Supp. 2d 689, 692-93 (S.D. Tex. 2000). Since Defendant UTMB is considered an arm of the state for purposes of the Eleventh Amendment, Plaintiff's claims against Defendant under the ADEA must be dismissed.

B. Punitive Damages

Defendant also argues that Plaintiff cannot recover punitive damages under 42 U.S.C. § 1981.[3] Section 1981(a)(1) provides:

> In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000e-5 or 2000e-16] against a respondent who engaged in unlawful intentional discrimination (not an employee practice that is unlawful because of its disparate impact) prohibited under section 703, 304, or 717 of the Act [42 U.S.C. §§ 2000e-2, 2000e-3, or 2000e-16], and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent

This section is qualified by 42 U.S.C. § 1981a(b)(1), which only authorizes punitive damages in a discrimination case where the Defendant is not a government, a government agency, or a political subdivision. *See also Oden v. Oktibbeha County*, 246 F.3d 458, 465-66 (5th Cir. 2001).

As discussed above, Defendant's status as a part of the University of Texas system means that it will fall within the Section 1981a(b)(1) exception. *See Bates v. Univ. of Tex. Med. Branch*, 425 F. Supp. 2d 826, 840 (S.D. Tex. 2003)(holding that Plaintiff could not recover

---

[3]Plaintiff requests punitive damages in Paragraph 12 of her complaint without citing to a statutory authority. Defendant points out that the only possible source of punitive damages is found in 42 U.S.C. § 1981(a)(1).

punitive damages against Defendant UTMB, a state agency, under Section 1981a(b)(1)). Therefore, Plaintiff's claim of punitive damages against Defendant must also be dismissed.

### IV. Conclusion

Plaintiff's claims under the ADEA must be dismissed because Defendant is immune from suit under the Eleventh Amendment. Plaintiff's claim for punitive damages is likewise barred by 42 U.S.C. § 1981a(b)(1), and must also be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) **[Doc. # 5]** is GRANTED. Plaintiff's claims under the ADEA and her claim for punitive damages are DISMISSED.

So **ORDERED** and **SIGNED** this **26** day of **November, 2007.**

*/s/ Ron Clark*
_____
Ron Clark, United States District Judge